**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **NUMFOR JUDE AMBE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-528-KC** |
| | § | |
| **TODD LYONS et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Numfor Jude Ambe's Petition for a Writ of Habeas Corpus, ECF No. 1. Ambe is detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶¶ 1, 5. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 31–33.

Ambe entered the United States in 2024, at which time immigration authorities detained and subsequently released him on parole. *Id.* ¶ 29. Recently, Immigration and Customs Enforcement ("ICE") re-detained him in Minnesota. *Id.* ¶¶ 13, 29. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F.Supp.3d 668, 668–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Ambe's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than March 2, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-*

*Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 23rd day of February, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE