**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **NUMFOR JUDE AMBE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-528-KC** |
| | § | |
| **TODD LYONS et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Ambe's Motion to Enforce Judgment ("Motion"), ECF No. 7. On March 3, 2026, the Court granted in part Numfor Jude Ambe's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Mar. 3, 2026, Order 3, ECF No. 4. Respondents then informed the Court that an IJ granted Ambe a $3,500.00 bond. Advisory, ECF No. 5; *see id.* Ex. A ("IJ Order"), ECF No. 5-1.

Ambe now moves the Court to order Respondents to immediately remove his ankle monitor because such monitoring contravenes the IJ's bond order, which ordered Ambe released upon payment of the bond and did not impose additional conditions of release. *See* Mot. ¶¶ 2–3. After review, this case appears materially indistinguishable, at least on the ankle monitor issue, from this Court's decision in *Montes Aguillon v. Bondi*, No. 3:26-cv-71-KC, 2026 WL 531899, at *2 (W.D. Tex. Feb. 25, 2026). In *Montes Aguillon*, this Court ordered Respondents to remove a petitioner's ankle monitor after an IJ granted release on bond because Respondents did "not

have the statutory or regulatory authority to impose additional conditions of release not ordered by the IJ." *Montes Aguillon*, 2026 WL 531899, at *2.

Ambe also states that Respondents have not returned all of his property.  Mot. ¶ 4.  In its March 3 Order, the Court ordered Respondents to "return all of [Ambe's] personal property in their custody to him upon release."  Mar. 3, 2026, Order 4.

Thus, the Court **ORDERS** that Respondents shall either: (1) **REMOVE** Ambe's ankle monitor, or (2) **SHOW CAUSE** explaining how Ambe's case is factually distinct from *Montes Aguillon*, **by no later than March 26, 2026**.

**IT IS FURTHER ORDERED** that Respondents shall either: (1) immediately **RETURN** Ambe's property, or (2) **SHOW CAUSE** explaining their failure to return his property and specifying the concrete steps being taken to return his belonging, **by no later than March 26, 2026**.

**SO ORDERED**.

**SIGNED this 19th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2