**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **NUMFOR JUDE AMBE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-528-KC** |
| | § | |
| **TODD LYONS et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Ambe's Motion to Enforce Judgment ("Motion"), ECF No. 7, where he asks that Respondents remove his ankle monitor and return his property. On March 19, 2026, the Court ordered Respondents to either (1) remove Ambe's ankle monitor, or (2) show cause explaining how Ambe's case was factually distinct from *Montes Aguillon v. Bondi*, No. 3:26-cv-71-KC, 2026 WL 531899, at *2 (W.D. Tex. Feb. 25, 2026).

Respondents now state that they have removed Ambe's ankle monitor. Resp. 1, ECF No. 9. As for Ambe's property, namely his bank card and cell phone, Respondents argue that such relief is not available through a habeas petition. *Id.* at 1–2. Nevertheless, Respondents state that they have so far been unable to locate Ambe's property but are "continuing to search." *Id.* at 2. Because the property at issue is not the type of property which affects Ambe's liberty interest, this habeas corpus proceeding is not the proper forum to monitor Respondents' efforts to find and return it. *See id.* at 1–2 (collecting cases). The Court does not express an opinion as to whether Ambe may seek a remedy for his missing property through some other claim or procedure.

Accordingly, the Motion to Enforce, ECF No. 7, is **DENIED** as moot.

The case shall remain closed.

**SO ORDERED**.

**SIGNED this 1st day of April, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE